# CASES

IN THE

# APPELLATE COURTS. OF ILLINOIS.

FIRST DISTRICT—MARCH TERM, 1879.

JOHN ALSTON

v.

RICHARD S. BROWNELL.

AFFIDAVIT OF MERITS—SUFFICIENCY.—An affidavit, "that to the best of affiant's knowledge and belief, he never was a stockholder, and never owned stock in the National Loan & Trust Company, etc., and that affiant believes he · has a good defense to said suit upon the merits to the whole of plaintiff's demand," is a sufficient affidavit of merits. The facts stated, if true, constitute a complete defense to the action.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed May 2, 1879.

Mr. ROBERT HERVEY, for appellant; that the court erred in requiring appellant, on overruling his demurrer, to file with his plea an affidavit setting forth his defense in detail, as a condition of his right to plead, cited Empire Fire Ins. Co. v. Real Estate Trust Co. 1 Bradwell, 391; McCormick v. Wells, 83 Ill. 239; Beardsley·v. Gosling, 86 Ill. 58.

The judgment, being for $3,030 debt and *one cent damages*, is erroneous: Russell v. Chicago, 22 Ill. 283.

Messrs. SHUFELDT & WESTOVER, for appellees; that the right to plead after demurrer overruled, is in the discretion of the court, cited 1 Chitty's Pl. 669; 1 Burrill's Pr. 209.

The court may impose terms as a condition of leave to plead: Bates v. Williams, 43 Ill. 494; Herrington v. Stevens, 26 Ill. 298; Conradi v. Evans, 2 Scam. 185; Lansing v. Birge, 2 Scam. 375; Miller v. Heath, 7 Cow. 161.

And may require an affidavit showing a meritorious defense: McCord v. Crooker, 83 Ill. 556.

Appellant waived his right to object by attempting to comply with the order: Stuber v. Schack, 83 Ill. 191.

MURPHY, P. J. This was an action of debt commenced in the Superior Court of Cook County by the appellee against the appellant, to charge him as a stockholder in the Bank of Chicago. To the declaration a special demurrer was filed by the appellant, which upon argument, the court overruled. The appellant thereupon asked leave to plead to the merits. The court refused to allow the plea to be filed unless the appellant would file an affidavit setting forth that he had a meritorious defense, which was excepted to by the appellant. Afterwards, and on the 17th day of January, 1879, the appellant presented to the court his plea *nil debet*, accompanied by the following affidavit: "That to the best of affiant's knowledge and belief he never was stockholder, and never owned stock in the National Loan and Trust Company, of Chicago, or in the Bank of Chicago. That affiant verily believes he has a good defense to said suit upon the merits to the whole of the said plaintiff's demand," and asked leave to file the same in pursuance of the requirements of the Court. The court refused to allow the plea to be filed, upon the ground that the affidavit failed to comply with its requirement in that regard. This ruling of the Court was excepted to by the appellant, who brings the record here, and assigns for error the refusal of the Court to allow him to plead.

Without discussing the holding of this court in the case of the Empire Fire Insurance Co. of Chicago v. Real Estate Trust Co., from which we see no reason for receding, we think in this

case that the appellant, in his endeavor to comply with the terms fixed by the court, succeeded substantially in doing so. If the facts stated in the affidavit are true, he had a perfect defense to the suit. "That to the best of his knowledge and belief he never was a stockholder and never owned stock in the company"—amounts to a positive statement, under oath, that he never subscribed for or purchased stock in the company himself, and that so far as he knows, no one ever did so for him. If this affidavit is to be taken as true, and for the purposes of this question it must be, then it states a fact specifically which constitutes a good defense to the action, and it was error for the court to refuse him leave to file his plea.

For which error the judgment of the court below is reversed and the cause remanded.                Reversed and remanded.